# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: **MARVALINE M. STANPHILL**, SSN: xxx-xx-8808 | Case No.: 03-81040-JAC-7 |
| Debtor. | CHAPTER 7 |
| **FIRST SOUTHERN BANK**, a banking Organization, | |
| Plaintiff, | |
| v. | Adversary Proceeding No.: 04-80057 |
| **MARVALINE M. STANPHILL**, Debtor and **TAZEWELL T. SHEPARD**, as Trustee for the Bankruptcy Estate of Marvaline M. Stanphill, | |
| Defendants. | |

## MEMORANDUM OPINION

This matter came before the Court to be heard on cross motions for summary judgment filed in the above-styled adversary proceeding brought by plaintiff First Southern Bank ("Plaintiff") seeking reformation of a mortgage executed by debtor, Marvaline M. Stanphill ("Debtor") in favor of Plaintiff. Defendant, Tazewell T. Shepard, Trustee of the Chapter 7 Estate of Marvaline Stanphill ("Trustee"), filed an answer with counterclaims seeking an order from this Court authorizing a sale of the subject properties by public auction, and reclassifying the proof of claim filed by Plaintiff as entirely unsecured. On July 22, 2004, a hearing was held on the parties' respective motions for summary judgment, with Charles W. Cochran, III appearing on behalf of Plaintiff and Kevin M. Morris appearing on behalf of the Trustee. Upon due consideration of the pleadings and respective submissions of the parties, the Court finds that

there exists no issue of material fact and that the Trustee is entitled to summary judgment as a matter of law.[1]

## FACTS

Alabama Oil Company of Sheffield, Inc. is a closely-held family corporation, of which the Debtor is the principal stockholder. On or about October 15, 1999, Alabama Oil executed a promissory note in favor of Plaintiff in the principal amount of $2,085,000.00. To induce Plaintiff to make said loan, Debtor agreed to sign the note personally and provided a Real Estate Mortgage (the "Mortgage") covering certain properties located in Franklin County, Alabama, Colbert County, Alabama and Lauderdale County, Alabama.

Plaintiff asserts that it was the intent of the parties that the Mortgage would cover all property in which the Debtor held an interest, with the exception of approximately 19 acres in Franklin County, Alabama. However, by mutual mistake, the Mortgage failed to include three additional properties in Franklin County that comprise approximately 300 acres. These separate tracts lie near or adjacent to some tracts of land that are included and described in the Mortgage.

On March 10, 2003 (the "Filing Date"), Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On April 7, 2003, Tazewell T. Shepard was appointed Trustee of the bankruptcy estate. It was not until the Trustee filed a motion to sell that Plaintiff first learned of the omission of these properties from the Mortgage. At Plaintiff's request, a title search was conducted on these properties to determine the status of its lien. On April 14, 2004, Plaintiff was informed that the search revealed that the Debtor was the record owner and that there were no liens that would affect title to said properties.

---

[1] The Court notes that the hearing was conducted with counsel for Plaintiff appearing *via* video conference. Although technical difficulties were experienced, neither party was prejudiced as a result, as the Court was able to hear the arguments of the parties and concluded that they did not vary significantly from the evidence and briefs previously submitted to the Court. Thus, the Court reaches its decision based upon the parties' respective motions for summary judgment, and briefs and evidence submitted in support thereof.

2

## **DISCUSSION**

Alabama Code § 35-4-153 (1975) provides that a court may reform a mortgage to correct a mutual mistake of the parties, as long as such relief will not prejudice a subsequent bona fide purchaser. Plaintiff has submitted various affidavits that assert that it was the parties' intentions for these properties to be included in the Mortgage, and the Trustee has not challenged these assertions. Therefore, it would appear that reformation would be appropriate.

However, § 544(a) of the Bankruptcy Code provides that a trustee in bankruptcy shall have the rights and powers of a hypothetical bona fide purchaser as of the commencement of the case, without regard to any actual knowledge or notice of the trustee. "Under this section, the trustee may defeat a claim against the debtor's estate if, under applicable state law, a hypothetical bona fide purchaser of the property in question would have prevailed over the claim as of the date of the bankruptcy filing." *In re Boardwalk Development Company, Inc.*, 72 B.R. 152, 154 (Bankr. E.D. N.C. 1987).

To constitute a bona fide purchaser, one must make a good faith purchase, for valuable consideration, and without notice of another's competing claim to the property. *See Lightsey v. Stone*, 52 So.2d 376, 381 (Ala. 1951). Generally, such notice can be actual or constructive notice. *See id*. However, the courts have interpreted § 544(a) to state that the Trustee enjoys the status of a hypothetical bona fide purchaser, without regard to any actual knowledge of the Trustee. *See In re Boardwalk*, 72 B.R. at 154; *In re Matos*, 50 B.R. 742, 744-745 (N.D.Ala. 1985); *In re Sheetex, Inc.*, 1999 WL 739628, 6 (Bankr. M.D. Ga. 1999). Thus, the Trustee's legal position will fail only if there was constructive notice of the Plaintiff's competing claim to the properties.

A purchaser can be considered to have constructive notice of an adverse claim if the facts were such as to cause a reasonable person to inquire as to the possible existence of a competing

3

interest. *See Touchstone v. Peterson*, 443 So.2d 1219, 1225 (Ala. 1983); *Lightsey*, 52 So.2d at 381. Plaintiff argues that the Trustee should be held to a higher standard, and that the facts and circumstances in this case were such as to put a "reasonable trustee" on notice of its claimed interest. However, such a position is in direct contradiction with applicable law. The focus is not on the Trustee, but whether a hypothetical purchaser would have constructive notice of Plaintiff's claimed interest as of the commencement of the case.

Plaintiff relies on *In re Hagendorfer*, 803 F.2d 647 (11th Cir. 1986), in which the Eleventh Circuit allowed a creditor to reform a mortgage to correct a mutual mistake of the parties, to the prejudice of a bankruptcy trustee. The legal description in the mortgage was taken from the debtor's deed that, unbeknownst to the parties, contained an erroneous township description. The court found that despite the error, the legal description was sufficient to provide constructive notice. As a result, the court held that the trustee could not assert the status of a bona fide purchaser.

In reaching its decision, the Eleventh Circuit cited *Stickney v. Dunaway & Lambert*, 53 So. 770, 771 (Ala. 1910), in which the Alabama Supreme Court held that an instrument might be sufficient to provide constructive notice, despite some slight uncertainty or ambiguity in the legal description. Both *Stickney* and *Hagendorfer* involved situations where the mortgage contained a slight error or inaccuracy in the legal description. However, in the present matter, Plaintiff's mortgage did not contain a mere error in the legal description, but failed to include the legal description altogether. If a mortgage wholly fails to describe the property to be included, the record does not provide constructive notice to a subsequent purchaser. *See Stickney*, 53 So. at 771; *Scott v. Thomas*, 100 So. 778, 779 (Ala. 1924). In fact, the Plaintiff's own search of the records revealed there were no liens on the subject properties.

4

Moreover, the records show that the omitted properties are separate and distinct tracts of land from those other properties described in the mortgage.  Also, it is undisputed that other properties of the Debtor were intentionally excluded from the Mortgage.  A subsequent purchaser examining the record would assume that the subject properties were additional parcels the parties intended to exclude from the mortgage.  Consequently, the facts and circumstances were not such as to cause a reasonable person to inquire into the possible existence of Plaintiff's claimed interest.

Accordingly, the Court holds that the Plaintiff's request for reformation of the Mortgage should be denied as prejudicial to the Trustee, who enjoys the status of a *bona fide* purchaser under § 544(a)(3) of the Bankruptcy Code.  A separate order will be entered consistent with this opinion.

**DONE and ORDERED** this day August 2, 2004

/s/  Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge

xc: Debtor
David D. Schoel, Attorney for Debtor
Charles W. Cochran, III, Attorney for First Southern Bank
Kevin M. Morris, Attorney for Trustee

5